Case 5:23-cv-00076   Document 8   Filed on 08/29/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BRISSA EDITH MEDINA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-cv-76 |
| | § | |
| NORMA ESTELA VARGAS BAUTISTA DBA NEVB TRANSFER *et al.* | § § § | |

# ORDER

Plaintiff requests dismissal of this case without prejudice because she is a lawful permanent resident of the United States who cannot validly invoke diversity jurisdiction against a non-resident alien. (Dkt. No. 7). The Fifth Circuit has not definitively ruled on this jurisdictional scenario since an important 2011 amendment to the relevant statute, 28 U.S.C. § 1332(a). However, Congress's actions make clear that subject matter jurisdiction does not exist in such cases.

In 2011, Congress removed a clause from § 1332(a) which provided that "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *Compare* Pub. L. No. 100-702, § 203(a), 102 Stat. 4642, 4646 (1988) *with* Pub. L. No. 112-63, § 101, 125 Stat. 758 (2011). This amendment foreclosed any argument that permanent residents should be deemed citizens of a state for diversity purposes when suing a non-resident alien.

The Second Circuit concurred with this view when it was called upon to interpret § 1332(a) after the 2011 amendment. *Tagger v. Strauss Grp., Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020). The court held that § 1332(a) does not grant a district court

jurisdiction over a suit by a permanent resident against a non-resident alien, given that federal courts lack diversity jurisdiction over lawsuits between two foreign parties. *Id.* (drawing on a House Report accompanying the 2011 amendment stating that permanent residents "would no longer be deemed to be U.S. citizens for purposes of diversity jurisdiction"). This reasoning is persuasive.

As the Plaintiff concedes, she is a permanent resident of the United States domiciled in Texas attempting to invoke diversity jurisdiction against non-resident aliens who are Mexican citizens. Plaintiff asserts no other ground for subject matter jurisdiction, and none is apparent. Therefore, this Court cannot hear her case.

Because the Court lacks subject matter jurisdiction, this action is hereby **DISMISSED WITHOUT PREJUDICE**.

It is so **ORDERED**.

**SIGNED** August 29, 2023.

*[signature]*
Marina Garcia Marmolejo
United States District Judge